IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARMON BELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16-CV-736-NJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on the *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Armon Bell (Doc. 1). Also before the Court is the motion to withdraw filed by Assistant Federal Public Defender Thomas Gabel (Doc. 10). For the reasons explained below, Mr. Gabel's motion to withdraw is granted, and the § 2255 petition is denied.

## BACKGROUND

Petitioner Armon Bell was indicted on January 19, 2007, on one count of being a felon in possession of a firearm. *United States v. Bell*, SDIL Case No. 3:07-cr-30014, Doc. 1. He pleaded guilty to the charge five months later. *Id.* at Doc. 22. The Government and Bell determined, and the presentence investigation report ("PSR") later confirmed, that Bell was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his criminal history that included two prior convictions for aggravated battery and a prior conviction for unlawful delivery of a controlled substance. *Id.* at Docs. 22, 28. Based on his status as an armed career criminal,

Bell faced a mandatory minimum sentence of fifteen years of imprisonment. *Id.* at Doc. 28. At sentencing on September 17, 2007, District Judge G. Patrick Murphy adopted the PSR in full and concluded that Bell was an armed career criminal. *Id.* at Doc. 32. Judge Murphy sentenced Bell to the statutory minimum of fifteen years in prison. *Id.* at Docs. 27, 31, 32.

On July 1, 2016, Bell filed a habeas petition under 28 U.S.C. § 2255 challenging his enhanced sentence as an armed career criminal based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) (Doc. 1). In *Johnson*, the Supreme Court held that "the imposition of an enhanced sentence under the residual clause of [the Armed Career Criminal Act] violates due process because the clause is too vague to provide adequate notice." *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) (citing *Johnson*, 135 S.Ct. at 2557). That holding is categorically retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *Price*, 795 F.3d at 734. Bell argues that as a result of *Johnson*, he no longer has three qualifying convictions under the ACCA, and he should be resentenced (Doc. 1).

The Court determined that Bell's § 2255 petition survived preliminary review, ordered the Government to respond to the petition, and appointed Assistant Federal Public Defender Thomas Gabel to represent Bell (Doc. 2). In its response, the Government sets forth three arguments as to why Bell's petition should be denied: (1) he waived his right to bring a collateral attack based on *Johnson*, (2) his claims have been procedurally defaulted, and (3) in the alternative, his claims should be dismissed on the merits because none of his three qualifying convictions were based on the residual

clause of the ACCA (Doc. 6). In turn, Mr. Gabel filed a motion seeking to withdraw as Bell's attorney after determining that none of Bell's predicate offenses were classified as a crime of violence under the residual clause of the ACCA (Doc. 10).

## DISCUSSION

The Court starts with the Government's first argument and agrees that Bell waived his right to collaterally challenge his sentence pursuant to 28 U.S.C. § 2255. *See United States v. Bell*, SDIL Case No. 3:07-cr-30014, Doc. 22.[1] A defendant can waive his right to collateral review as part of a plea agreement, and such waivers are enforced unless the plea agreement was involuntary, the court relied on a constitutionally impermissible factor (like the defendant's race), the sentence exceeded the statutory maximum, or the defendant claimed ineffective assistance of counsel in connection with negotiation of the plea agreement. *Keller v. United States,* 657 F.3d 675, 681 (7th Cir. 2011) (citing *Jones v. United States,* 167 F.3d 1142, 1144-45 (7th Cir. 1999)). Bell does not argue, and the Court does not believe, that any of these exceptions apply (*see* Doc. 1). Accordingly, the waiver dooms Bell's § 2255 petition.

---

[1] The waiver provision in Bell's plea agreement states in pertinent part:
> The Defendant is aware that Title 19, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. . . . Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10).

*United States v. Bell*, SDIL Case No. 3:07-cr-30014, Doc. 22.

Even if the Court were to find that Bell's claims were not waived, however, he is not entitled to relief because none of his qualifying convictions were based on the residual clause of the Armed Career Criminal Act. Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e). Bell does not dispute that his previous conviction for unlawful delivery of a controlled substance qualifies as a "serious drug offense" under the ACCA (*see* Doc. 1). Therefore, the issue for the Court is whether Bell's previous convictions for aggravated battery were classified as "violent felonies" under the residual clause of the ACCA.

The ACCA defines a "violent felony" in three ways. It is any crime punishable by imprisonment for a term exceeding one year, that:

(1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or

(2) is burglary, arson, extortion, or involves use of explosives; or

(3) is a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(b). Definition one is referred to as the "elements clause"; definition two is referred to as the "enumerated crimes clause"; and definition three is the "residual clause." *Johnson* invalidated enhanced sentences under the ACCA where the previous convictions were defined as violent felonies under the residual clause. *See Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016) (explaining that *Johnson* does not affect convictions classified under the enumerated crimes clause or the elements clause

of the Sentencing Guidelines or the Armed Career Criminal Act). Thus, in order for Bell's aggravated battery convictions to count as "violent felonies" for purposes of the ACCA sentencing enhancement, they must fall under the elements clause or the enumerated crimes clause.

Bell's aggravated battery convictions quite obviously do not fall under the enumerated crimes clause because aggravated battery is not one of the listed offenses. *See* 18 U.S.C. § 924(e)(2)(b). They do, however, fall under the elements clause. In Illinois, a person commits a misdemeanor simple battery "if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILL. COMP. STAT. 5/12-3. Simple battery is elevated to a felony aggravated battery if one of several aggravating factors is present. 720 ILL. COMP. STAT. 5/12-3.05. The Seventh Circuit has previously held that a prior conviction for aggravated battery based on simple battery causing bodily harm under the first prong of the statute has as an element "the use, attempted use, or threatened use of physical force," and therefore qualifies as a "violent felony" under the ACCA. *Hill v. Werlinger*, 695 F.3d 644, 650 (7th Cir. 2012).

With respect to Bell's first conviction for aggravated battery in 2002, the PSR indicates that Bell "caused bodily harm to a peace officer by striking [the officer] in the shoulder and head with a beer bottle" (Doc. 28 in criminal case 3:07-30014). Based on the language "caused bodily harm," it is clear that Bell committed a battery under the first prong of the statute, which was elevated to aggravated battery because his victim was a police officer performing his or her official duties. *See* 720 ILL. COMP. STAT.

5/12-3.05(d)(4). Therefore, Bell's first conviction for aggravated battery was classified as a violent felony under the elements clause of the ACCA, not the residual clause.

As for Bell's second conviction for aggravated battery in 2005, the PSR indicates that "in committing a battery, and by use of a deadly weapon, a hand gun, [Bell] intentionally caused bodily harm to [a woman] by striking her in the head with a gun" (Doc. 28 in criminal case 3:07-30014). Again, based on the language "caused bodily harm," it is clear that Bell committed a battery under the first prong of the statute, which was elevated to aggravated battery because it involved the use of a deadly weapon. *See* 720 ILL. COMP. STAT. 5/12-3.05(f)(1). Thus, like his first conviction for aggravated battery, his second conviction also was classified as a violent felony under the elements clause of the ACCA, not the residual clause. Because the residual clause was not implicated for either of Bell's aggravated battery convictions, *Johnson* has no effect on his classification as an armed career criminal.

In conclusion, Bell's § 2255 petition must be denied because it is barred by the waiver in his plea agreement and, in the alternative, it fails on the merits.

## CERTIFICATE OF APPEALABILITY

If Bell wants to appeal this Court's ruling denying his petition, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an

applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Bell need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 338 (2003). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate of appealability. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Bell is not entitled to any relief under § 2255, and reasonable jurists could not debate that conclusion. Thus, Bell has not made "a substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

## CONCLUSION

Armon Bell's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The Motion to Withdraw filed by Assistant Federal Public Defender Thomas Gabel (Doc. 10) is **GRANTED**. The Court **DECLINES** to issue a certificate of appealability. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: February 10, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**